UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JISELA VALTIERRA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WARDEN SECURITY ASSOCIATES, INC.,<br><br>　　　　Defendant. | Case No. 24-cv-00496-SVK<br><br>**ORDER TO PLAINTIFF TO PROVIDE ADDITIONAL INFORMATION IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 19 |

　　　　On January 26, 2024, Plaintiff Jisela Valtierra filed a complaint against a Defendant Warden Security Associates, Inc. alleging that Defendant violated Title VII by engaging in sex and pregnancy discrimination, denying Plaintiff pregnancy accommodation, and retaliating against Plaintiff. Dkt. 1. On February 14, 2024, the Court granted Plaintiff's amended application to proceed *in forma pauperis*. Dkt. 10. The Clerk of Court issued a summons on March 4, 2024. Dkt. 12. Both Plaintiff and the U.S. Marshal Service subsequently filed proofs of service indicating that Defendant had been served through its registered agent for service of process. Dkt. 14, 17.

　　　　Defendant did not file a response to the Complaint by the applicable deadline. On May 30, 2024, Plaintiff requested entry of default, and the Clerk of Court entered default against Defendant on June 23, 2024. Dkt. 15, 16. The Court subsequently set a deadline of July 24, 2024 for Plaintiff to file a motion for default judgment. Dkt. 18.

　　　　Now before the Court is Plaintiff's timely-filed motion for default judgment. Dkt. 19. Defendant did not file an opposition to the motion for default judgment by the applicable deadline. For the reasons discussed below, the Court **ORDERS** Plaintiff to provide additional information in support of her motion for default judgment.

**I.      LEGAL STANDARD**

After entry of default, a court may, in its discretion, enter default judgment. *See* Fed. R. Civ. P. 55; *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Before entering default judgment, the Court must assess the adequacy of the service of process on the party against whom default is requested. *See Trustees of ILWU-PMA Pension Plan v. Coates*, No. C-11-3998 EMC, 2013 WL 556800, at *4 (N.D. Cal. Feb. 12, 2013). The Court must also determine whether it has subject matter jurisdiction over the action and personal jurisdiction over the defaulted defendant. *Id.* at *3-4.

If these requirements are met, "[t]he district court's decision whether to enter default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In making its determination a court should consider: "(1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of dispute concerning material facts; (6) whether default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). Upon default, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987)

**II.     DISCUSSION**

**A.      Service and Jurisdiction**

As discussed above, "[i]n deciding whether to grant or deny default judgment, the Court must first assess the adequacy of the service of process on the party against whom default is requested because, if service were improper, that may well explain the failure of a defendant to appear in a lawsuit*." Folkmanis, Inc. v. Uptown Toys LLC*, No. 18-cv-00955-EMC, 2018 WL 4361140, at *2 (N.D. Cal. Sep. 13, 2018) (internal quotation marks and citation omitted).

The Court finds that Defendant Warden Security Associates, Inc. was properly served because both Plaintiff and the U.S. Marshal Service served Defendant through its registered agent for service of process. Dkt. 14, 17 (proofs of service); *see also* Dkt. 19 at 2. Federal Rule of Civil

1  Procedure 4(h)(1)(A) permits service of a summons and complaint pursuant to the law of the state
2  in which the district court sits (in this case, California law).  California law permits service on a
3  corporation by delivery of the summons and complaint to the person designated by the corporation
4  as its statutory agent for service.  Cal. C. Civ. Proc. § 416.10.
5      Moreover, because Plaintiff's complaint contains claims for violation of Title VII, the
6  Court has subject matter jurisdiction over this action.

    **B.**     *Eitel* **Factors**

8      Having concluded that the threshold requirements of service and jurisdiction are met, the
9  Court next considers the *Eitel* factors.  The Court first considers whether Plaintiff's claims against
10 Defendant are adequately pled and sufficient to find liability on the facts alleged, which must be
11 taken as true (second and third factors).  Plaintiff seeks default judgment against Defendant
12 Warden Security Associates for discrimination and retaliation on the basis of sex and pregnancy
13 and for denial of pregnancy accommodation.  Dkt. 19; *see also* Ex. 1 ¶¶ 21-52.  The Court finds
14 that the allegations in the Complaint and in the motion for default judgment, including Plaintiff's
15 declaration, are sufficient to establish that Defendant is subject to liability for the claims asserted
16 by Plaintiff.  *See* Ex. 1 ¶¶ 10-52; Dkt. 21.
17     Turning to the other *Eitel* factors, the Court concludes that declining to enter default
18 judgment against the defaulted Defendant would prejudice Plaintiff (first factor) because Plaintiff
19 has no other recourse against Defendant.  There is no indication that Defendants' failure to
20 respond is due to excusable neglect, nor is there any indication of a dispute concerning material
21 facts (fifth and sixth factors).  Although public policy strongly favors decisions on the merits
22 (seventh factor), in light of Defendant's refusal to litigate, it does not appear that litigation of the
23 merits will be possible in this case.
24     However, the motion for default judgment does not contain sufficient information to
25 evaluate the fourth *Eitel* factor concerning the amount of money at stake.  Specifically, it is
26 unclear from the proposed judgment submitted with the present motion whether the monetary
27 amount sought is for lost wages only or for both wage and non-wage damages and it is also
28 unclear how those amounts are calculated.  *See* Dkt. 19 at PDF p. 3 (seeking "forty-eight thousand

1 six hundred seventy-two dollars ($48.67)").

## III. CONCLUSION AND DIRECTIONS TO PLAINTIFF

For the foregoing reasons, the Court requires Plaintiff to submit additional information in support of her motion for default judgment because the present motion does not contain sufficient information to enable the Court to address all of the *Eitel* factors. Plaintiff must file additional information that addresses the deficiencies identified in this order by **November 7, 2024.**

The Court provides the following guidance to Plaintiff in preparing the supplemental submission:

1. Plaintiff's present motion requests that the Court allow Plaintiff to prove her non-wage damage claims through submission of written affidavits or, in the alternative, that the Court set a hearing date with an interpreter present. Dkt. 19 at PDF p. 2. In her supplemental submission, Plaintiff may provide affidavits to support her non-wage damage claims.

2. It is unclear from the proposed judgment submitted with the present motion whether the monetary amount sought is for lost wages only or for both wage and non-wage damages. *See* Dkt. 19 at PDF p. 3 (seeking "forty-eight thousand six hundred seventy-two dollars ($48.67)"). Plaintiff's supplemental submission must clarify and provide calculations for the total judgment sought, broken down between (1) damages for lost wages; (2) non-wage damages; and (3) non-monetary relief.

Plaintiff shall promptly serve a copy of this order by mail to (1) Defendant's registered agent for service of process and (2) Defendant's business address and shall file a proof of service with the Court. Plaintiff shall also promptly serve a copy of her supplemental submission by the same means.

**SO ORDERED.**

Dated: October 8, 2024

SUSAN VAN KEULEN
United States Magistrate Judge